# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RUFINO GONZALEZ R.,[1]
(A Number: 222-557-439)

Petitioner,

v.

WARDEN, *California City Immigration Processing Center*,

Respondent.

Case No. 1:26-cv-06706-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS THAT PETITION BE DENIED**

(Doc. 1)

<u>FOURTEEN-DAY DEALINE</u>

Rufino Gonzalez R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States at an unknown time and under unknown circumstances. (Doc. 8-1 at 2). On June 16, 2026, Immigration and Customs Enforcement officers arrested and detained Petitioner. (*Id.*).

On July 8, 2026, Petitioner filed his first habeas petition, which was granted and the government was ordered to provide Petitioner with a substantive bond hearing. *See* 1:26-cv-05235-KES-EGC (E.D. Cal. August 11, 2026) (Doc. 11).

On August 11, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 8-3). The immigration judge ("IJ") denied Petitioner's request for custody

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

redetermination finding Petitioner failed to meet his burden of proof that he was not a flight risk. (Doc. 8-3 at 1).

Petitioner then filed a second habeas petition, which is now before the Court, challenging his detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks review of the IJ's decision and release. (Doc. 1 at 6).

On September 17, 2026, Respondent filed a response to the petition. (Doc. 8). On September 23, 2026, Petitioner filed a reply. (Doc. 10).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following the arrest. Petitioner initially complained that Petitioner was being detained without an individualized custody determination. Petitioner has since been provided with such hearing before an IJ. Respondents argue that the instant petition is not the proper mechanism to raise any challenge that the Court-ordered bond hearing was not in compliance with the Court's order. And as to any challenge to the bond hearing, Respondents argue Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 8).

Petitioner responds asking the Court to consider the totality of the circumstances and disclaims any request for another bond hearing. (Doc. 10 at 3). Instead, Petitioner seeks immediate release. (*Id.*).

The undersigned finds that Petitioner does not identify any basis for immediate release. He disclaims any challenge to the bond hearing conducted pursuant to the Court's prior order, disclaims any request for a second or new bond hearing. The undersigned finds that nothing in Petitioner's request provides a legal basis for the Court to provide relief in the form of immediate release or to award habeas relief.

The undersigned agrees with Respondent that insofar as the petition seeks review of Petitioner's bond hearing, Petitioner has failed to exhaust their available remedies by failing to seek relief for their claims with the Board before seeking a writ of habeas corpus in this court.

As an initial matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citation omitted).

In this case, the factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. Petitioner contends that the evidence does not support the finding and that the IJ failed to adequately take certain evidence into consideration. (Doc. 1 at 2). Such issues could be fairly resolved by the Board, and in fact, reviewing the IJ's decision is a primary function of the Board.

In addition, the undersigned finds that relaxing the exhaustion requirement would encourage detainees denied bond to immediately bypass the Board and proceed to federal court. Third, allowing the Board to address the deficiencies in the immigration judge's decision would preclude the need for judicial review.

Further, here Petitioner received a bond hearing where an IJ inquired into his detention and concluded Petitioner posed a flight risk. (Doc. 8-3 at 1). This inquiry took place recently. Under section 1226(a), Petitioner can request another bond hearing before an IJ should there be a change in circumstances.

Insofar as Petitioner attacks the IJ's decision as unsupported, it is not up to this Court to determine whether the relevant evidence is good enough on a factual basis. *See Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138–39 (N.D. Cal. 2017) ("To the extent that Petitioner asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable."). And insofar as Petitioner attacks the decision for failing to consider all the evidence, the immigration judge need not discuss every piece of evidence, *Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000), and the record contains no glaring red flags such as "misstating the record [or] failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

While Petitioner disagrees with the outcome, the undersigned finds that Petitioner has not shown that his bond hearing was constitutionally defective. Further, here, the record shows that pursuant to section 1226(a), Petitioner received a bond hearing on August 11, 2026, at which the IJ denied bond because Petitioner was a flight risk. (Doc. 8-3 at 1). Petitioner did not appeal that decision to the Board. (Doc. 8). Thus, Petitioner received due process under section 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision).

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

These Findings and Recommendation are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 4, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE